JERALD HOMAN, Plaintiff-Appellant, v. GARY J. DAMVELD *et al.*, Defendants-Appellees.

Third District   No. 3—88—0268

Opinion filed January 10, 1989.

Nile J. Williamson, of Peoria, for appellant.

Gregory A. Mescher, of Vonachen, Lawless, Trager & Slevin, of Peoria (James E. Konsky, of counsel), for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Jerald Homan brought this action in the circuit court of Peoria County against the administrators of the Pabst Peoria Brewery Workers Pension Plan to recover benefits allegedly due him under the plan and to reinstate his service credit for the years that he worked for Pabst prior to 1959. The administrators denied that Homan was due any benefit under the plan other than that which had already been declared for him. Both parties motioned for summary judgment, and the trial court entered judgment in favor of the administrators. When Homan's motion for reconsideration was denied, he brought this appeal.

Preliminarily, we note that Homan's action is brought under the Employee Retirement Income Security Act (ERISA) (29 U.S.C. §1001 *et seq.* (1982)). ERISA provides that a pension plan participant may bring a civil action to recover benefits due him under the plan and to clarify or enforce his rights under the plan. (29 U.S.C. §1132(a)(1)(b) (1982).) ERISA further provides that State courts have

concurrent jurisdiction to resolve such matters. 29 U.S.C. §1132(e)(1) (1982).

■■ A denial of pension benefits will not be disturbed under ERISA unless the administrators' action is shown to be arbitrary or capricious, which is to say that they "overlooked something important or seriously erred in appreciating the significance of the evidence." (*Pokratz v. Jones Dairy Farm* (7th Cir. 1985), 771 F.2d 206, 208-09.) The issue presented by this summary judgment then, is whether, as a matter of law, the administrators of the plan acted improperly in determining the pension benefit to be awarded to Homan.

Homan argues that his monthly benefit of either $247.64, if he receives his pension beginning at age 55, or of $491.34, if he receives his pension beginning at age 65, is inadequate because he was improperly denied service credit for his employment from the years of 1952-55. Pabst's employment record of Homan provides the following information concerning Homan's work experience with Pabst:

| Employment Dates | Dept. | Reason for Termination |
|---|---|---|
| 7-3-52 to 8-28-52 | Bottle | Quit, School |
| 5-28-53 to 7-30-53 | Bottle | Quit, School |
| 9-1-53 to 10-29-53 | Bottle | Laid off, lack of work |
| 4-14-54 to 8-2-54 | Bottle | Laid off, lack of work |
| 4-26-55 to 6-22-55 | Bottle | Laid off, lack of work |
| 5-31-56 | | Quit, failed to report for work within required time after registered letter. |
| 3-26-59 to 2-19-82 | Bottling | 12-31-81 Plant Shutdown resulted in termination of employment. |

The administrators do not contest the fact that Homan worked for Pabst between 1952 and 1955, nor do they deny that Homan was denied service credit for those years. They argue simply that the plan does not give Homan service credit for those years.

Article III, section 8, of the pension plan provides that if an employee is laid off and not recalled for work for a period of 365 consecutive calendar days, he shall forfeit the credited service for the time worked prior to his being laid off and shall be considered a new employee if reemployed. The plan further provides, however, that if the company elects to reemploy him within six months from the expiration of the 365-day period, his credited service shall be reinstated. This provision was modified by article VII of a collective bargaining agreement, dated July 1, 1961, to provide that an employee's credited

service shall be reinstated if he is reemployed by his employer within nine months from the expiration of the 365-day period.

■■ The administrators argue that, because he was laid off in 1955 and not recalled within 365 days and 9 months, Homan is not entitled to benefits under the plan as modified by the collective bargaining agreement. We agree. The terms of the plan as applied to Homan do not provide him credit for his service prior to his reemployment in 1959. Thus, there is no basis upon which the administrators could award Homan credit for his prior service. In fact, were the administrators to award Homan credit for his prior service, they would exceed their authority under the plan and subject themselves to suit by other plan participants. Their action in denying Homan credit for his prior service is not, therefore, arbitrary or capricious.

Homan argues that two other employees, Orgie Jones and Ray Courtway, have employment histories similar to his, yet they are receiving benefits far greater than he will receive. However, the employee service records of Jones and Courtway, which were before the trial court, indicated that while they were laid off, Jones and Courtway were reemployed within 365 days and 9 months, thus bringing them within the service credit reinstatement provision of the pension plan as modified by the collective bargaining agreement. Therefore, the facts concerning Jones and Courtway indicate only that the administrators complied with the terms of the plan as properly with them as they did with Homan.

Homan raises an issue as to whether Pabst sent him a letter in May of 1956 asking him to return to work. Pabst says that such a letter was sent, and Homan denied receiving it. Regardless of whether the letter was sent or received, however, the result is the same. If Homan did receive the letter but did not return to work for Pabst, then he is considered to have quit and, therefore, pursuant to article III, section 8(b), of the plan, not entitled to credit for his prior service. If, on the other hand, the letter was not sent, then Homan was not recalled within 365 days and 9 months and, therefore, not entitled to prior service credit pursuant to article III, section 8(d), of the plan as modified by the collective bargaining agreement. Therefore, inasmuch as the consequences are the same under either set of facts, the issue is immaterial.

Homan also raises an issue concerning his rights under the plan as suggested by a booklet which discusses the plan. However, the booklet explains in its forward that it is only an explanation of the main features of the plan and that the plan itself is the final word for all questions arising under its terms. The booklet, therefore, does not

raise an issue of material fact as to whether Homan has been denied any benefits under the plan.

As a final matter we note that the administrators raise the affirmative defense of estoppel. They point out that Homan admits that he read lists posted throughout the company premises which indicated his seniority status as having begun in 1959. They further note that in spite of his listed seniority date, Homan never complained to any company or union official that the seniority date was incorrect. Homan, in response, argues such estoppel arguments are not available in ERISA actions. We conclude, however, that because of our decision that the administrators did not act arbitrarily or capriciously in denying Homan's request for reinstatement of prior service credit, we need not decide whether Homan was otherwise estopped to bring this action.

Accordingly, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

HEIPLE and SCOTT, JJ., concur.